IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV2-03-MU

| | |
|---|---|
| RODNEY MOUCELL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Rodney Mouncell Jones' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) filed December 22, 2006.[1]

According to the Petition, on August 3, 2004, the Petitioner was convicted after a guilty plea and was sentenced to a term of imprisonment of 11- 12 months to run consecutive to a nine year South Carolina sentence that Petitioner was already serving. Petitioner did not directly appeal his conviction. Instead, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Catawba County Superior Court on January 12, 2005. Petitioner's MAR was summarily denied by the Honorable Nathaniel Poovey on February 15, 2005. Specifically Judge Poovey found "[t]hat [Petitioner's] motion merely states conclusions of law or facts, and does not allege facts for which relief may be granted. That defendant voluntarily and freely entered a plea of 'Guilty' to the offenses

---

[1] The Court notes that while Petitioner did file the instant Petition on December 22, 2006, the case was assigned a 2007 case number due to the fact that the petition was not docketed until the beginning of 2007.

1

for which he is imprisoned. The sentence is within the range permitted by law. That the motion is without merit; and therefore, it is not necessary to conduct and evidentiary hearing; appoint counsel, or bring the defendant before the Court." (See Order Denying MAR, attached to Petitioner's Motion.) Petitioner claims that he filed an appeal in the North Carolina Court of Appeals on February 22, 2005, however this Court inquired with the Court of Appeals and the Court of Appeals had no record of any appeal filed by Petitioner. The Court takes judicial notice that the Court of Appeals has no record of an appeal filed by Petitioner. Petitioner filed the instant Petition on December 22, 2006, almost two years after his MAR was denied.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B)  the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
 (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Here, Petitioner was sentenced on August 3, 2004 and he did not file a direct appeal. Instead,

Petitioner filed an MAR on January 12, 2005, allowing approximately 5 months of the one-year limitations to run. The time during which Petitioner sought state collateral review is excluded from the limitations calculation. Therefore the time from January 12, 2005 until February 15, 2005 is excluded and the Court will also include up until February 22, 2005, the date Petitioner claims to have filed his appeal, from the calculation, totaling 42 days. However, from the time Petitioner claims to have filed an appeal of his MAR until the time he filed the instant Petition, one year and ten months have elapsed. Adding the initial five months from the date of his conviction to the time Petitioner filed his MAR to the one year and ten months that elapsed after he allegedly filed his appeal of the denial of his MAR clearly amounts to well over two years, even subtracting out the 42 days that Petitioner was seeking collateral review, making the instant Petition untimely under the AEDPA.

Petitioner concedes that his petition is late under the AEDPA and argues that he filed an appeal of his MAR in the North Carolina Court of Appeals in February 2005 but that he does not believe the appeal was ever perfected. Further, Petitioner argues that Respondent failed to provide him with sufficient notice that his appeal had not been perfected and therefore he should receive the benefit of equitable tolling (Memo in Support of Pet. For Habeas Corpus at 2.).

The Fourth Circuit Court of Appeals has stated that equitable tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

While it is not clear exactly who Petitioner is blaming for the untimeliness of his petition,

although is appears that he is blaming the State of North Carolina, his excuse will not save his petition. See Harris v Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Furthermore an "improperly filed" appeal will not serve as a basis for equitable tolling. See Artez v. Bennett, 531 U.S. 4 (2000) (holding that application for collateral review is "properly filed," as required to toll period under AEDPA for filing federal habeas petition, when its delivery and acceptance are in compliance with the applicable laws and rules governing filings). Here, the North Carolina Court of Appeals has no record of an appeal filed by Petitioner. Moreover, if Petitioner believed he had properly filed an appeal in February 2005, he exercised no diligence to ascertain the disposition of any such appeal. Instead, Petitioner allowed almost two years to pass before he filed the instant Petition. Therefore, as outlined above, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely under the AEDPA.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: January 8, 2007

Graham C. Mullen
United States District Judge