IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV2-03-MU

| | |
|---|---|
| RODNEY MOUCELL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's "FRCP 59(E) Motion" filed on January 25, 2007 (Document No. 7) in which Petitioner argues that this Court should reconsider its previous Order dismissing Petitioner's Writ of Habeas Corpus because the Court did not properly consider his equitable tolling argument. For the reasons stated herein, Petitioner's motion is denied.

According to the Petition, on August 3, 2004, the Petitioner was convicted after a guilty plea and was sentenced to a term of imprisonment of 11- 12 months to run consecutive to a nine year South Carolina sentence that Petitioner was already serving. Petitioner did not directly appeal his conviction. Instead, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Catawba County Superior Court on January 12, 2005. Petitioner's MAR was summarily denied by the Honorable Nathaniel Poovey on February 15, 2005. Specifically Judge Poovey found "[t]hat [Petitioner's] motion merely states conclusions of law or facts, and does not allege facts for which relief may be granted. That defendant voluntarily and freely entered a plea of 'Guilty' to the offenses for which he is imprisoned. The sentence is within the range permitted by law. That the motion is without merit; and therefore, it is not necessary to conduct and evidentiary hearing; appoint counsel,

or bring the defendant before the Court." (See Order Denying MAR, attached to Petitioner's Motion.) Petitioner claims that he thought he filed an appeal in the North Carolina Court of Appeals on February 22, 2005. However Petitioner is vague about his Notice of Appeal stating only that "the state court, without justification, refused acknowledge (sic) Petitioner's Notice of Intent to Appeal the Order of Judge Poovey's denial of his Motion for Appropriate relief." (Document No. 2, Memo in Support of Petition at 6.)

Petitioner filed the instant Motion alleging that this Court misunderstood his equitable tolling argument in its prior Order. Petitioner states that he did file a notice of appeal to the North Carolina Court of Appeal regarding the denial of his MAR and at the same time served Catawba County District Attorney and the Catawba County Clerk of Court with a copy of his notice of appeal. However, Petitioner argues that none of these three agencies provided him with sufficient notice that his notice of appeal was improperly served and would not be filed.

This argument is not new as Petitioner asserted the same argument in his Petition. In fact, the Court stated in its prior Order that "[w]hile it is not clear exactly who Petitioner is blaming for the untimeliness of his petition, although it appears that he is blaming the State of North Carolina, his excuse will not save his petition." (Document No. 5 at 3-4.) The Court also noted in its previous Order that if Petitioner believed he had properly filed an appeal in February 2005, he exercised no diligence to ascertain the disposition of any such appeal. Instead, he is now conveniently using the excuse that he believed his appeal was filed. However, Petitioner claims to have filed the appeal in February 2005 and did not file the Petition at issue until one year and ten months after allegedly filing the appeal. Prior to allegedly filing the appeal, five months of his one year limitations period had already elapsed.

As explained in this Court's previous Order, equitable tolling is allowed in "those rare

instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 209 (2004). See also united States v. Sosa, 364 F.3d 507, 511-513 (4th Cir. 2004). Although Petitioner argues that his situation should fall into the above category of rare instances in which it would be unconscionable to enforce the limitation period against him because he was not notified that his notice of appeal was improperly filed, this Court does not agree. Here, Petitioner claims to have filed a notice of appeal and blames the courts and the district attorney's office for not informing him that he did not properly file his appeal. Petitioner exercised no diligence of his own to try and determine the status of his appeal. He allowed almost two years to pass before filing his Petition in this Court.[1]

For the above stated reasons, Petitioner's Motion for reconsideration is DENIED.

---

[1] Although Petitioner cites to Brandon v. United States, 89 F.Supp.2d 731 (E.D.Va. 2000) to support his contention that he should receive the benefit of equitable tolling, this Court finds the facts of this case are distinguishable. Furthermore, Petitioner exercised no due diligence in determining the status of his case and allowed almost two years to elapse prior to filing ths instant Petition.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion fro Reconsideration (Document No. 7) is **DENIED**.

**SO ORDERED**.

Signed: January 30, 2007

Graham C. Mullen
United States District Judge